**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 9:20-cv-81827 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JACQUELINE C. BECKWITH, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## COMPLAINT

The Plaintiff alleges as follows:

      1.     The United States of America brings this action to collect outstanding civil penalties assessed against Defendant Jacqueline C. Beckwith ("Beckwith") for her willful failure to timely report her financial interest in foreign bank accounts, as required by 31 U.S.C. § 5314 and its implementing regulations. The United States also seeks to collect accrued interest on such penalties, late payment penalties and associated fees.

### JURISDICTION AND VENUE

      2.     The United States brings this suit under 31 U.S.C. §§ 5321(b)(2) and 3711(g)(4)(C), at the direction of the Attorney General of the United States and at the request of, and with the authorization of Area Counsel, a delegate of the Secretary of the Treasury of the United States.

      3.     The Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 1355 because it arises under a federal statute, the United States is the plaintiff, and the action seeks recovery or enforcement of civil penalties.

4.      Venue is proper in this district under 28 U.S.C § 1391(c)(1) because, upon information and belief, Beckwith is domiciled in this district as she resides in Hypoluxo, Palm Beach County, Florida.

## REGULATORY BACKGROUND REGARDING THE DUTY TO REPORT RELATIONSHIPS WITH FOREIGN FINANCIAL INSTITUTIONS

5.      Section 5314 of Title 31 authorizes the Secretary of the Treasury to require United States persons to report certain transactions with foreign financial agencies.

6.      United States persons who have a financial interest in, or signature authority over, a bank, securities, or other financial account in a foreign country that exceeds $10,000 in aggregate value must report that relationship to the United States.

7.      For the 2004 through 2010 years at issue, the relationships were reported on Form TD F 90-22.1, "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR." 31 U.S.C. § 5314; 31 C.F.R. §§ 1010.350(a), 1010.306(c).

8.      Schedule B is an attachment to the individual federal income tax return (Form 1040) that is used for reporting, among other things, interest and dividend income, as well as any financial interest in or signature or other authority over financial accounts located in foreign countries. Schedule B refers to the FBAR filing requirement and alerts the taxpayer that if he or she had an interest in or signature or other authority over a financial account located in a foreign country the taxpayer should see the instructions for the exceptions and filing requirements for Form TD-F 90-22.1.

9.      For the 2004 through 2010 years at issue, the FBAR was due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year."  31 C.F.R. § 1010.306(c).

10.     Section 5321(a)(5) of Title 31 authorizes the imposition of civil penalties for willful failure to comply with the reporting requirements of § 5314. Specifically, § 5321(a)(5)(C) provides for a willful penalty equal to the greater of $100,000 or 50% of the balance in the account at the time of the violation.

11.     The penalty set forth under 31 U.S.C § 5321(a)(5)(C) is subject to interest and further penalties pursuant to 31 U.S.C. § 3717.

## FACTUAL BACKGROUND

12.     Beckwith was born in the United States and is a United States citizen.  Beckwith earned a bachelor's degree in finance from the Wharton School of Business at the University of Pennsylvania and is a graduate of the Yale in China program. Beckwith moved to Japan following graduation and returned to the United States in 2000.

13.     During 2003 and 2004, Beckwith worked in a consulting position with MedicNova, a Japanese company.

14.     During 2006 and 2007, Beckwith worked for Phoenix-Asia Real Estate, a Cayman Island company.

15.     Since 2009, Beckwith has been a financial advisor with Liora Partners in Hypoluxo, Florida.

16.     Beckwith is registered with Financial Industry Regulatory Authority ("FINRA") as a broker and has held numerous securities licenses.

*Beckwith's Relationships Foreign Financial Institutions*

17.     From 2004 through 2010, Beckwith held a financial interest in or possessed signature authority over accounts at various foreign financial institutions:

| Account Name | Title Owner | Location | Date Opened | Date Closed |
|---|---|---|---|---|
| SCB[1] 2428 | Adelphi Agents Ltd. | Hong Kong | September 24, 2004 | open as of 2012 |
| SCB 2450 | Adelphi Agents Ltd. | Hong Kong | September 24, 2004 | February 2013 |
| SCB 2045 | Adelphi Agents Ltd. | Hong Kong | September 24, 2004 | February 2013 |
| SCB 0101 | Adelphi Agents Ltd. | Hong Kong | September 24, 2004 | February 2013 |
| HSBC-Value Partners Hong Kong Ltd 7921 | Adelphi Agents Ltd. | Hong Kong | September 2004 | February 2009 |
| DBS Vickers 5095 | Adelphi Agents Ltd. | Hong Kong | November 2004 | open as of 2012 |
| HSBC 7488 | Adelphi Agents Ltd. | Hong Kong | Estimated early 1990s | April 19, 2006 |
| HSBC 0001 | Gold Well Group Ltd. | Hong Kong | Estimated early 1990s | February 15, 2006 |
| HSBC 9001 | Adelphi Agents Ltd. | Hong Kong | Estimated early 1990s | May 4, 2006 |
| SCB 6398 | Adelphi Agents Ltd. | Hong Kong | September 24, 2004 | February 2013 |
| SCB 0960 | Adelphi Agents Ltd. | Hong Kong | September 24, 2004 | February 2013 |
| SCB 0979 | Adelphi Agents Ltd. | Hong Kong | September 24, 2004 | February 2013 |
| SCB 3461 | Adelphi Agents Ltd. | Hong Kong | September 24, 2004 | February 2013 |
| SCB 3526 | Adelphi Agents Ltd. | Hong Kong | September 24, 2004 | February 2013 |

18.     Beckwith formed Adelphi Agents, Ltd. in 2004 to invest in mutual funds. The company was registered in Samoa.  Adelphi Agents' principal business activity was holding bank accounts in Hong Kong. Adelphi Agents was later dissolved.

19.     Beckwith formed Gold Well Group, Ltd. in 2004. The company was registered in Hong Kong.  Gold Well Group, Ltd. dissolved on February 14, 2006 when its HSBC account was closed.

20.     The source of funds for the SCB and DBS Vickers accounts was compensation Beckwith received for her services raising capital through two entities:

      a.     MedicNova, a private life sciences company from which she received compensation in 2004; and

      b.     Phoenix Asia Real Estate from which she received compensation in 2006 and 2007.

---

[1] Standard Chartered Bank

21.      From 2004 through 2010, Beckwith had control of, and a beneficial interest in, the bank accounts listed in paragraph 17, all located in Hong Kong.

**BECKWITH'S FEDERAL INCOME TAX RETURN BACKGROUND**

22.      Beckwith did not file federal income tax returns while she was living abroad. Beckwith filed federal income tax returns beginning in 2003, three years after her return to the United States.

23.      Beckwith's income tax returns for 2003 through 2009 were prepared by Peter P. Vocatura. Beckwith's income tax return for 2010 was prepared by Howard Frisch. Beckwith did not inform Vocatura or Frisch that she had ownership of foreign bank accounts or had created foreign entities. Beckwith responded "no" to Vocatura's question of whether she had an interest in foreign accounts for 2008 and 2009.

24.      Beckwith's income tax returns for 2003 through 2010 included a Schedule B. Beckwith answered "no" to the question on Schedule B of whether she had an interest in or signature or other authority over a financial account located in a foreign country.

25.      Beckwith's income tax returns for tax years 2003 and 2004 were audited in 2006. Beckwith's income tax returns for tax years 2008 and 2009 were audited in 2011. During the audits, Beckwith answered all questions concerning foreign accounts and income in the negative, despite maintaining foreign account balances totaling between approximately $700,000 and $1,100,000 for the years at issue.

26.      Beckwith filed amended income tax returns for 2004 through 2010, reporting a total tax deficiency of $372,844.

**BECKWITH'S FAILURE TO TIMELY REPORT HER INTEREST IN FOREIGN FINANCIAL ACCOUNTS**

27. **For 2004**:

    a.    In 2004, Beckwith had an interest in at least nine foreign financial accounts, including all sub accounts, located in Hong Kong: SCB 2428, SCB 2450, SCB 2045, SCB 0101, HSBC 7921, DBS Vickers 5095, HSBC 7488, HSBC 0001, and HSBC 9001.

    b.    Beckwith was required to file an FBAR by June 30, 2005, reporting her interest in the foreign accounts for 2004, but failed to do so.

    c.    The Internal Revenue Service determined that Beckwith had an interest in certain foreign accounts in 2004 with the following maximum account balances:

| Account | Maximum Account Balance |
| --- | --- |
| SCB 2428 | $779,979 |
| SCB 2450 | $29,950 |
| SCB 2045 | $104,865 |
| SCB 0101 | $152,348 |
| HSBC 7921 | $151,988 |
| DBS Vickers 5095 | $102,879 |
| HSBC 7488 | $30 |
| HSBC 0001 | $191 |
| HSBC 9001 | $181 |

    d.    For 2004, Beckwith was required to disclose that she had an interest in the foreign accounts in an FBAR. Beckwith failed to timely report her interest in these foreign accounts.

    e.    Beckwith's failure to timely file an FBAR was willful.

28. **For 2005**:

    a.    In 2005, Beckwith had an interest in at least nine foreign financial accounts, including all sub accounts, located in Hong Kong: SCB 2428, SCB 2450, SCB 2045, SCB 0101, HSBC 7921, DBS Vickers 5095, HSBC 7488, HSBC 0001, and HSBC 9001.

b.      Beckwith was required to file an FBAR by June 30, 2006, reporting her interest in the foreign accounts for 2005, but failed to do so.

c.      The Internal Revenue Service determined that Beckwith had an interest in certain foreign accounts in 2005 with the following maximum account balances:

| Account | Maximum Account Balance |
|---|---|
| SCB 2428 | $239,528 |
| SCB 2450 | $33,349 |
| SCB 2045 | $108,948 |
| SCB 0101 | $172,123 |
| HSBC 7921 | $170,308 |
| DBS Vickers 5095 | $107,921 |
| HSBC 7488 | $30 |
| HSBC 0001 | $192 |
| HSBC 9001 | $182 |

d.      For 2005, Beckwith was required to disclose that she had an interest in the foreign accounts in an FBAR. Beckwith failed to timely report her interest in these foreign accounts.

e.      Beckwith's failure to timely file an FBAR was willful.

29.     **For 2006**:

a.      In 2006, Beckwith had an interest in at least twelve foreign financial accounts, including all sub accounts, located in Hong Kong: SCB 2428, SCB 2450, SCB 2045, SCB 0101, HSBC 7921, DBS Vickers 5095, HSBC 7488, HSBC 0001, HSBC 9001, SCB 6398, SCB 0960, and SCB 0979.

b.      Beckwith was required to file an FBAR by June 30, 2007, reporting her interest in the foreign accounts for 2006, but failed to do so.

c.      The Internal Revenue Service determined that Beckwith had an interest in certain foreign accounts in 2006 with the following maximum account balances:

| Account | Maximum Account Balance |
|---|---|
| SCB 2428 | $118,211 |
| SCB 2450 | $104,179 |
| SCB 2045 | $93,042 |
| SCB 0101 | $255,603 |
| HSBC 7921 | $233,619 |
| DBS Vickers 5095 | $219,870 |
| HSBC 7488 | $27 |
| HSBC 0001 | $185 |
| HSBC 9001 | $175 |
| SCB 6398 | $80,154 |
| SCB 0960 | $7,216 |
| SCB 0979 | $30,956 |

    d.      For 2006, Beckwith was required to disclose that she had an interest in the foreign accounts in an FBAR. Beckwith failed to timely report her interest in these foreign accounts.

    e.      Beckwith's failure to timely file an FBAR was willful.

30.    **For 2007**:

    a.      In 2007, Beckwith had an interest in at least eight foreign financial accounts, including all sub accounts, located in Hong Kong: SCB 2428, SCB 2450, SCB 2045, SCB 0101, HSBC 7921, DBS Vickers 5095, SCB 3461, and SCB 3526.

    b.      Beckwith was required to file an FBAR by June 30, 2008, reporting her interest in the foreign accounts for 2007, but failed to do so.

    c.      The Internal Revenue Service determined that Beckwith had an interest in certain foreign accounts in 2007 with the following maximum account balances:

| Account | Maximum Account Balance |
|---|---|
| SCB 2428 | $182,493 |
| SCB 2450 | $31,265 |
| SCB 2045 | $20,519 |
| SCB 0101 | $406,852 |
| HSBC 7921 | $341,913 |
| DBS Vickers 5095 | $224,432 |
| SCB 3461 | $101,228 |

8

SCB 3526 $44,125

    d.    For 2007, Beckwith was required to disclose that she had an interest in the foreign accounts in an FBAR. Beckwith failed to timely report her interest in these foreign accounts.

    e.    Beckwith's failure to timely file an FBAR was willful.

31.    **For 2008**:

    a.    In 2008, Beckwith had an interest in at least eight foreign financial accounts, including all sub accounts, located in Hong Kong: SCB 2428, SCB 2450, SCB 2045, SCB 0101, HSBC 7921, DBS Vickers 5095, SCB 3461, and SCB 3526.

    b.    Beckwith was required to file an FBAR by June 30, 2009, reporting her interest in the foreign accounts for 2008, but failed to do so.

    c.    The Internal Revenue Service determined that Beckwith had an interest in certain foreign accounts in 2008 with the following maximum account balances:

| Account | Maximum Account Balance |
|---|---|
| SCB 2428 | $162,680 |
| SCB 2450 | $38,563 |
| SCB 2045 | $20,772 |
| SCB 0101 | $333,773 |
| HSBC 7921 | $282,292 |
| DBS Vickers 5095 | $176,422 |
| SCB 3461 | $101,228 |
| SCB 3526 | $43,125 |

    d.    For 2008, Beckwith was required to disclose that she had an interest in the foreign accounts in an FBAR. Beckwith failed to timely report her interest in these foreign accounts.

    e.    Beckwith's failure to timely file an FBAR was willful.

32.     **For 2009**:

a.     In 2009, Beckwith had an interest in at least six foreign financial accounts, including all sub accounts, located in Hong Kong: SCB 2428, SCB 2450, SCB 2045, SCB 0101, HSBC 7921, and DBS Vickers 5095.

b.     Beckwith was required to file an FBAR by June 30, 2010, reporting her interest in the foreign accounts for 2009, but failed to do so.

c.     The Internal Revenue Service determined that Beckwith had an interest in certain foreign accounts in 2009 with the following maximum account balances:

| Account | Maximum Account Balance |
|---|---|
| SCB 2428 | $424,969 |
| SCB 2450 | $160,634 |
| SCB 2045 | $116,888 |
| SCB 0101 | $193,576 |
| HSBC 7921 | $184,679 |
| DBS Vickers 5095 | $156,047 |

d.     For 2009, Beckwith was required to disclose that she had an interest in the foreign accounts in an FBAR. Beckwith failed to timely report her interest in these foreign accounts.

e.     Beckwith's failure to timely file an FBAR was willful.

33.     **For 2010**:

a.     In 2010, Beckwith had an interest in at least four foreign financial accounts, including all sub accounts, located in Hong Kong: SCB 2428, SCB 2450, SCB 2045, and SCB 0101.

b.     Beckwith was required to file an FBAR by June 30, 2011, reporting her interest in the foreign accounts for 2010, but failed to do so.

10

c.      The Internal Revenue Service determined that Beckwith had an interest in certain foreign accounts in 2010 with the following maximum account balances:

| Account | Maximum Account Balance |
|---------|-------------------------|
| SCB 2428 | $304,446 |
| SCB 2450 | $113,350 |
| SCB 2045 | $50,401 |
| SCB 0101 | $13 |

d.      For 2009, Beckwith was required to disclose that she had an interest in the foreign accounts in an FBAR. Beckwith failed to timely report her interest in these foreign accounts.

e.      Beckwith's failure to timely file an FBAR was willful.

**OFFSHORE VOLUNTARY DISCLOSURE PROGRAM ("OVDP")**

34.      Beckwith was accepted into the IRS 2012 OVDP in 2013.

35.      Beckwith disclosed her ownership in fourteen foreign bank accounts for 2004 through 2011. All of these disclosed accounts are held in the names of nominee entities whose principal activity is the holding of bank accounts. In 2013 Beckwith filed delinquent FBARs for 2001 through 2010.

36.      In 2015, Beckwith was removed from the OVDP for her failure to provide requested documentation.

**STATUTE OF LIMITATIONS**

37.      Beckwith executed a "Consent to Extend the Time to Assess Civil Penalties Provided by 31 U.S.C. § 5321 for FBAR Violations" on April 8, 2013. This consent extended the deadline to assess a penalty under 31 U.S.C. § 5321 until **December 31, 2015** for the following years: 2004, 2005, 2006, 2007, 2008, 2009, and 2010.

38.     Beckwith executed a "Consent to Extend the Time to Assess Civil Penalties Provided by 31 U.S.C. § 5321 for FBAR Violations" on December 1, 2014. This consent extended the deadline to assess a penalty under 31 U.S.C. § 5321 until **December 31, 2016** for the following years: 2004, 2005, 2006, 2007, 2008, and 2009.

39.     Beckwith, through an authorized representative, executed a "Consent to Extend the Time to Assess Civil Penalties Provided by 31 U.S.C. § 5321 for FBAR Violations" on August 23, 2016. This consent extended the deadline to assess a penalty under 31 U.S.C. § 5321 until **December 31, 2017** for the following years: 2004, 2005, 2006, 2007, 2008, 2009, and 2010.

40.     Beckwith, through an authorized representative, executed a "Consent to Extend the Time to Assess Civil Penalties Provided by 31 U.S.C. § 5321 for FBAR Violations" on May 28, 2017. This consent extended the deadline to assess a penalty under 31 U.S.C. § 5321 until **December 31, 2018** for the following years: 2004, 2005, 2006, 2007, 2008, and 2009.

41.     The Internal Revenue Service assessed the FBAR penalties for years 2004, 2005, 2006, 2007, 2008, 2009, and 2010 on October 5, 2018–within the consented statute of limitations period.

**CLAIMS FOR RELIEF**

**<u>Count I</u>**
**(Reduce 2004 FBAR Penalty to Judgment Pursuant to 31 U.S.C. § 5321(a)(5))**

42.     At all relevant times, Beckwith was a United States citizen and was subject to the jurisdiction of the United States within the meaning of 31 C.F.R § 103.24 (2010).

43.     In 2004, Beckwith had a financial interest in or signature authority over at least nine accounts in Hong Kong (identified above in paragraph 27(a)) in which the maximum aggregate balance exceeded $10,000.

44.     Beckwith was required to report to the United States her interest in the foreign accounts in an FBAR filed on or before June 30, 2005.

45.     Beckwith had actual or constructive knowledge of her obligation to file an FBAR for 2004 for the accounts.

46.     Despite such knowledge, Beckwith did not file an FBAR, or disclose the foreign accounts on a required Schedule B, for 2004. Beckwith did not disclose the existence of the Standard Charter Bank, HSBC, and DBS Vickers accounts in an FBAR for 2004 by June 30, 2005.

47.     Beckwith's failure to report these accounts in a timely-filed FBAR was willful within the meaning of 31 U.S.C. § 5321(a)(5).

48.     On October 5, 2018, a delegate of the Secretary of the Treasury, in accordance with 31 U.S.C § 5321, timely assessed against Beckwith a total penalty of $59,887.00 because she willfully failed to timely file an FBAR for 2004 that disclosed her interest in all of her foreign bank accounts.

49.     On October 12, 2018, a delegate of the Secretary of the Treasury sent Beckwith notice of the assessment of the 2004 FBAR penalties and demand for payment.

50.     Despite the notice and demand for payment, Beckwith failed to pay the penalties assessed against her. As a result, she owes $59,887.00 for the willful FBAR penalty for 2004, plus interest and failure to pay penalty under 31 U.S.C. § 3717, and associated fees. Interest and statutory additions continue to accrue.

### Count II
**(Reduce 2005 FBAR Penalty to Judgment Pursuant to 31 U.S.C. § 5321(a)(5))**

51.     At all relevant times, Beckwith was a United States citizen and was subject to the jurisdiction of the United States within the meaning of 31 C.F.R § 103.24 (2010).

52.     In 2005, Beckwith had a financial interest in or signature authority over at least nine accounts in Hong Kong (identified above in paragraph 28(a)) in which the maximum aggregate balance exceeded $10,000.

53.     Beckwith was required to report to the United States her interest in the foreign accounts in an FBAR filed on or before June 30, 2006.

54.     Beckwith had actual or constructive knowledge of her obligation to file an FBAR for 2005 for the accounts.

55.     Despite such knowledge, Beckwith did not file an FBAR, or disclose the foreign accounts on a required Schedule B, for 2005.  Beckwith did not disclose the existence of the Standard Charter Bank, HSBC, and DBS Vickers accounts in an FBAR for 2005 by June 30, 2006.

56.     Beckwith's failure to report these accounts in a timely-filed FBAR was willful within the meaning of 31 U.S.C. § 5321(a)(5).

57.     On October 5, 2018, a delegate of the Secretary of the Treasury, in accordance with 31 U.S.C § 5321, timely assessed against Beckwith a total penalty of $59,887.00 because she willfully failed to timely file an FBAR for 2005 that disclosed her interest in all of her foreign bank accounts.

58.     On October 12, 2018, a delegate of the Secretary of the Treasury sent Beckwith notice of the assessment of the 2005 FBAR penalties and demand for payment.

59.     Despite the notice and demand for payment, Beckwith failed to pay the penalties assessed against her. As a result, she owes $59,887.00 for the willful FBAR penalty for 2005, plus interest and failure to pay penalty under 31 U.S.C. § 3717, and associated fees. Interest and statutory additions continue to accrue.

## Count III
**(Reduce 2006 FBAR Penalty to Judgment Pursuant to 31 U.S.C. § 5321(a)(5))**

60.    At all relevant times, Beckwith was a United States citizen and was subject to the jurisdiction of the United States within the meaning of 31 C.F.R § 103.24 (2010).

61.    In 2006, Beckwith had a financial interest in or signature authority over at least twelve accounts in Hong Kong (identified above in paragraph 29(a)) in which the maximum aggregate balance exceeded $10,000.

62.    Beckwith was required to report to the United States her interest in the foreign accounts in an FBAR filed on or before June 30, 2007.

63.    Beckwith had actual or constructive knowledge of her obligation to file an FBAR for 2006 for the accounts.

64.    Despite such knowledge, Beckwith did not file an FBAR, or disclose the foreign accounts on a required Schedule B, for 2006. Beckwith did not disclose the existence of the Standard Charter Bank, HSBC, and DBS Vickers accounts in an FBAR for 2006 by June 30, 2007.

65.    Beckwith's failure to report these accounts in a timely-filed FBAR was willful within the meaning of 31 U.S.C. § 5321(a)(5).

66.    On October 5, 2018, a delegate of the Secretary of the Treasury, in accordance with 31 U.S.C § 5321, timely assessed against Beckwith a total penalty of $59,887.00 because she willfully failed to timely file an FBAR for 2006 that disclosed her interest in all of her foreign bank accounts.

67.    On October 12, 2018, a delegate of the Secretary of the Treasury sent Beckwith notice of the assessment of the 2006 FBAR penalties and demand for payment.

68.     Despite the notice and demand for payment, Beckwith failed to pay the penalties assessed against her. As a result, she owes $59,887.00 for the willful FBAR penalty for 2006, plus interest and failure to pay penalty under 31 U.S.C. § 3717, and associated fees. Interest and statutory additions continue to accrue.

### Count IV
### (Reduce 2007 FBAR Penalty to Judgment Pursuant to 31 U.S.C. § 5321(a)(5))

69.     At all relevant times, Beckwith was a United States citizen and was subject to the jurisdiction of the United States within the meaning of 31 C.F.R § 103.24 (2010).

70.     In 2007, Beckwith had a financial interest in or signature authority over at least eight accounts in Hong Kong (identified above in paragraph 30(a)) in which the maximum aggregate balance exceeded $10,000.

71.     Beckwith was required to report to the United States her interest in the foreign accounts in an FBAR filed on or before June 30, 2008.

72.     Beckwith had actual or constructive knowledge of her obligation to file an FBAR for 2007 for the accounts.

73.     Despite such knowledge, Beckwith did not file an FBAR, or disclose the foreign accounts on a required Schedule B, for 2007. Beckwith did not disclose the existence of the Standard Charter Bank, HSBC, and DBS Vickers accounts in an FBAR for 2007 by June 30, 2008.

74.     Beckwith's failure to report these accounts in a timely-filed FBAR was willful within the meaning of 31 U.S.C. § 5321(a)(5).

75.     On October 5, 2018, a delegate of the Secretary of the Treasury, in accordance with 31 U.S.C § 5321, timely assessed against Beckwith a total penalty of $59,887.00 because

16

she willfully failed to timely file an FBAR for 2007 that disclosed her interest in all of her foreign bank accounts.

76.     On October 12, 2018, a delegate of the Secretary of the Treasury sent Beckwith notice of the assessment of the 2007 FBAR penalties and demand for payment.

77.     Despite the notice and demand for payment, Beckwith failed to pay the penalties assessed against her. As a result, she owes $59,887.00 for the willful FBAR penalty for 2007, plus interest and failure to pay penalty under 31 U.S.C. § 3717, and associated fees. Interest and statutory additions continue to accrue.

**Count V**
**(Reduce 2008 FBAR Penalty to Judgment Pursuant to 31 U.S.C. § 5321(a)(5))**

78.     At all relevant times, Beckwith was a United States citizen and was subject to the jurisdiction of the United States within the meaning of 31 C.F.R § 103.24 (2010).

79.     In 2008, Beckwith had a financial interest in or signature authority over at least eight accounts in Hong Kong (identified above in paragraph 31(a)) in which the maximum aggregate balance exceeded $10,000.

80.     Beckwith was required to report to the United States her interest in the foreign accounts in an FBAR filed on or before June 30, 2009.

81.     Beckwith had actual or constructive knowledge of her obligation to file an FBAR for 2008 for the accounts.

82.     Despite such knowledge, Beckwith did not file an FBAR, or disclose the foreign accounts on a required Schedule B, for 2008. Beckwith did not disclose the existence of the Standard Charter Bank, HSBC, and DBS Vickers accounts in an FBAR for 2008 by June 30, 2009.

83.     Beckwith's failure to report these accounts in a timely-filed FBAR was willful within the meaning of 31 U.S.C. § 5321(a)(5).

84.     On October 5, 2018, a delegate of the Secretary of the Treasury, in accordance with 31 U.S.C § 5321, timely assessed against Beckwith a total penalty of $59,887.00 because she willfully failed to timely file an FBAR for 2008 that disclosed her interest in all of her foreign bank accounts.

85.     On October 12, 2018, a delegate of the Secretary of the Treasury sent Beckwith notice of the assessment of the 2008 FBAR penalties and demand for payment.

86.     Despite the notice and demand for payment, Beckwith failed to pay the penalties assessed against her. As a result, she owes $59,887.00 for the willful FBAR penalty for 2008, plus interest and failure to pay penalty under 31 U.S.C. § 3717, and associated fees. Interest and statutory additions continue to accrue.

### Count VI
### (Reduce 2009 FBAR Penalty to Judgment Pursuant to 31 U.S.C. § 5321(a)(5))

87.     At all relevant times, Beckwith was a United States citizen and was subject to the jurisdiction of the United States within the meaning of 31 C.F.R § 103.24 (2010).

88.     In 2009, Beckwith had a financial interest in or signature authority over at least six accounts in Hong Kong (identified above in paragraph 32(a)) in which the maximum aggregate balances exceeded $10,000.

89.     Beckwith was required to report to the United States her interest in the foreign accounts in an FBAR filed on or before June 30, 2010.

90.     Beckwith had actual or constructive knowledge of her obligation to file an FBAR for 2009 for the accounts.

91.     Despite such knowledge, Beckwith did not file an FBAR, or disclose the foreign accounts on a required Schedule B, for 2009. Beckwith did not disclose the existence of the Standard Charter Bank, HSBC, and DBS Vickers accounts in an FBAR for 2009 by June 30, 2010.

92.     Beckwith's failure to report these accounts in a timely-filed FBAR was willful within the meaning of 31 U.S.C. § 5321(a)(5).

93.     On October 5, 2018, a delegate of the Secretary of the Treasury, in accordance with 31 U.S.C § 5321, timely assessed against Beckwith a total penalty of $59,887.00 because she willfully failed to timely file an FBAR for 2009 that disclosed her interest in all of her foreign bank accounts.

94.     On October 12, 2018, a delegate of the Secretary of the Treasury sent Beckwith notice of the assessment of the 2009 FBAR penalties and demand for payment.

95.     Despite the notice and demand for payment, Beckwith failed to pay the penalties assessed against her. As a result, she owes $59,887.00 for the willful FBAR penalty for 2009, plus interest and failure to pay penalty under 31 U.S.C. § 3717, and associated fees. Interest and statutory additions continue to accrue.

## Count VII
### (Reduce 2010 FBAR Penalty to Judgment Pursuant to 31 U.S.C. § 5321(a)(5))

96.     At all relevant times, Beckwith was a United States citizen and was subject to the jurisdiction of the United States within the meaning of 31 C.F.R § 103.24 (2010).

97.     In 2010, Beckwith had a financial interest in or signature authority over at least four accounts in Hong Kong (identified above in paragraph 33(a)) in which the maximum aggregate balance exceeded $10,000.

98.     Beckwith was required to report to the United States her interest in the foreign accounts in an FBAR filed on or before June 30, 2011.

99.     Beckwith had actual or constructive knowledge of her obligation to file an FBAR for 2010 for the accounts.

100.     Despite such knowledge, Beckwith did not file an FBAR, or disclose the foreign accounts on a required Schedule B, for 2010. Beckwith did not disclose the existence of the Standard Charter Bank accounts in an FBAR for 2004 by June 30, 2011.

101.     Beckwith's failure to report these accounts in a timely-filed FBAR was willful within the meaning of 31 U.S.C. § 5321(a)(5).

102.     On October 5, 2018, a delegate of the Secretary of the Treasury, in accordance with 31 U.S.C § 5321, timely assessed against Beckwith a total penalty of $59,887.00 because she willfully failed to timely file an FBAR for 2010 that disclosed her interest in all of her foreign bank accounts.

103.     On October 12, 2018, a delegate of the Secretary of the Treasury sent Beckwith notice of the assessment of the 2010 FBAR penalties and demand for payment.

104.     Despite the notice and demand for payment, Beckwith failed to pay the penalties assessed against her. As a result, she owes $59,887.00 for the willful FBAR penalty for 2010, plus interest and failure to pay penalty under 31 U.S.C. § 3717, and associated fees. Interest and statutory additions continue to accrue.

WHEREFORE, the United States of America requests that the Court:

A.     Enter judgment against Jacqueline C. Beckwith and in favor of the United States as to Counts I through VII in the total amount of $477,174.69 for the FBAR penalties assessed

against her for 2004 through 2010 under 31 U.S.C. § 5321(a)(5) and the late payment penalties

assessed against her pursuant to 31 U.S.C. § 3717(e)(2), which amount includes accrued interest

and penalties through September 25, 2020, plus further interest and statutory additions thereon as

allowed by law to the date of payment; and

       B.      Award the United States its costs incurred in connection with this action, along

with such other relief as justice requires.

Dated: October 2, 2020                Respectfully submitted,

                                          RICHARD E. ZUCKERMAN
                                          Principal Deputy Assistant Attorney General

                                          */s/ Amanda J. Swietlik*
                                          AMANDA J. SWIETLIK
                                          Trial Attorney, Tax Division
                                          U.S. Department of Justice
                                          P.O. Box 14198
                                          Washington, D.C.  20044
                                          202-514-8048 (v)
                                          202-514-4963 (f)
                                          Amanda.J.Swietlik@usdoj.gov

                                          Of counsel:

                                          Ariana Fajardo Orshan
                                          United States Attorney
                                          Southern District of Florida